IN THE UNITED STATES DISTRICT COURT

FOR THE SOUTHERN DISTRICT OF GEORGIA

AUGUSTA DIVISION

| | | |
|---|---|---|
| SIOBHAN REAVES and JASMINE PATRICE, | ) ) ) | |
| Plaintiffs, | ) ) | |
| v. | ) ) | CV 124-159 |
| VICKIE W. HESTER; DAVID LEVERT KYLER; HENRY COUNTY BOARD OF EDU.; MARY ELIZABETH DAVIS; CARL KNOWLTON; and MICHAEL CODY GUINED, | ) ) ) ) ) ) | |
| Defendants. | ) | |

**MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION**

Because Plaintiffs are proceeding *pro se* and *in forma pauperis*, Plaintiffs' complaint must be screened to protect potential defendants. Phillips v. Mashburn, 746 F.2d 782, 785 (11th Cir. 1984) (*per curiam*).

**I.   BACKGROUND**

Plaintiffs assert nearly identical factual allegations and claims as brought in a long line of federal cases filed in Georgia and South Carolina, each of which arises out of the issuance of a Georgia arrest warrant for Kathy Reaves, her later arrest in South Carolina, and the subsequent denials of employment based on her inability to pass a background check because of her arrest. See, e.g., Reaves v. Blackwell, et al., No. 1:24-CV-132, doc. no. 4 (S.D. Ga. Aug. 13, 2024); see also Reaves v. Washington, et al., No. 4:23-CV-3847, doc. no. 8 (D.S.C.

Aug. 8, 2023) (collecting cases), *adopted by* doc. no. 25 (D.S.C. Jan. 25, 2024) (recognizing case as twelfth concerning Georgia warrant and South Carolina arrest and imposing filing restrictions in District of South Carolina); Reaves v. Guined, et al., No. 1:23-cv-00778, doc. no. 88 (N.D. Ga. July 25, 2024) (identifying six cases filed in Northern District of Georgia and imposing filing restrictions in that District).

The instant case is the sixth case filed in the Southern District of Georgia, with the most recent cases – including this one – apparently aimed at attempting to circumvent the above-noted filing restrictions in other courts.  See Reaves v. Blackwell, et al., CV 124-132, (S.D. Ga. Aug. 13, 2024) (hereinafter "CV 124-132"); Reaves v. Blanchard et al., CV 124-083 (S.D. Ga. June 3, 2024); Reaves et al. v. Kyler, et al., CV 124-065 (S.D. Ga. May 9, 2024); Reaves v. Hucko et al., CV 123-148 (S.D. Ga. Oct. 6, 2023); Reaves v. Foster et al., CV 121-120 (S.D. Ga. Aug. 11, 2021).  On September 18, 2024, United States District Court Judge J. Randal Hall adopted the undersigned's recommendation to impose filing restrictions on Kathy Reaves in the Southern District of Georgia.  See CV 124-132, doc. no. 12, pp. 2-3.  The order imposing these filing restrictions further prohibited Kathy Reaves' attempts to "enlist[] surrogates . . . to file new lawsuits alleging the same meritless facts," stating "[s]uch obvious circumvention efforts will not be tolerated."  Id. at 4.

Plaintiffs Siobhan Reaves and Jasmine Patrice filed the instant case on September 6, 2024, twelve days before imposition of filing restrictions on Kathy Reaves.  (Compare doc. no. 1, with CV 124-132, doc. no. 12.)  Notably, the current complaint does not name Kathy Reaves as a plaintiff.  (See doc. no. 1.)  However, despite lacking Kathy Reaves' name in the case caption, the complaint exclusively alleges claims about the same series of events challenged by Kathy Reaves in her multitude of previous lawsuits:  the allegedly improper

2

Georgia arrest warrant, her arrest, and her rejection from employment opportunities as a teacher. (Id.) The complaint contains very little discussion of Plaintiffs Siobhan Reaves and Jasmine Patrice. (Id.) Beyond the caption of the case, Siobhan Reaves and Jasmine Patrice are only mentioned by name in the complaint a few times. (Id. at 10, 12.) The complaint notes the "Georgia warrant[] [brought] in innocent other parties (Siobhan, Jasmine, Tiesha, Mishauna, Emanuel, and J. Reaves, Sr.) . . . who have nothing to do with this complete debacle of a background check . . ." (Id. at 10.) The complaint also states Siobhan Reaves and Jasmine Patrice are "associated with the invalid county warrant regarding the alleged crime in 2018 and the county warrant application in Dec. 2020." (Id. at 12.)

Beyond the limited references to either named Plaintiff, the complaint generally refers to "Plaintiffs" being involved with or injured by the alleged improper Georgia arrest warrant issued against Kathy Reaves. For example, the complaint uses the language "Plaintiffs and Kathy" in multiple paragraphs regarding the causes of action alleged. (Id. at 15.) Moreover, the complaint states "Plaintiffs (Kathy) plead claims of gross IIED against all defendants" and "Plaintiffs don't appreciate their name being filed or used in association with a county warrant." (Id. at 17, 19.) The complaint ends by stating "Plaintiffs did not ask to be involved in this witch hunt against Kathy." (Id. at 20.) Ultimately, the complaint centers around Kathy Reaves and her claims against various defendants for alleged misconduct, not around any independent claims by Siobhan Reaves or Jasmine Patrice. (See generally doc. no. 1.)

II.  DISCUSSION

    A.  **Summary Dismissal Is Warranted Pursuant to Filing Restrictions**

As described above, Judge Hall imposed filing restrictions on Kathy Reaves in the related case CV 124-132 on September 18, 2024. See CV 124-132, doc. no. 12, pp. 2-4.

Referencing the instant case, the September 18th Order describes "[a]fter the Magistrate Judge recommended imposition of these sanctions, [Kathy Reaves] enlisted surrogates . . . to file new lawsuits alleging the same meritless facts and claims the Court has previously rejected." Id. at 4. Accordingly, Judge Hall applied filing restrictions not only to Kathy Reaves as a plaintiff, but also "to any lawsuit alleging the same or substantially similar facts . . . regardless of who is listed as the plaintiff." Id. The case *sub judice*, filed after the undersigned recommended filing restrictions but before Judge Hall adopted the recommendation, is obviously a surrogate lawsuit brought for the sole purpose of avoiding the filing restrictions. The filing restrictions thus apply, as Judge Hall's order plainly states, and summary dismissal is warranted because the Complaint has no plausible merit and fails to allege a plausible claim for relief. While nothing else need be said, the Court has also conducted below a formal screening of the Complaint and has determined it should be dismissed for lack of standing, failure to state a claim, and improper venue.

### B.    Dismissal is Warranted Due To Lack of Standing, Failure to State a Claim, and Improper Venue

#### 1.    Legal Standard for Screening

The complaint or any portion thereof may be dismissed if it is frivolous, malicious, or fails to state a claim upon which relief may be granted, or if it seeks monetary relief from a defendant who is immune to such relief. See 28 U.S.C. § 1915(e)(2)(B). A claim is frivolous if it "lacks an arguable basis either in law or in fact." Neitzke v. Williams, 490 U.S. 319, 325 (1989). "Failure to state a claim under § 1915(e)(2)(B)(ii) is governed by the same standard as dismissal for failure to state a claim under Fed. R. Civ. P. 12(b)(6)." Wilkerson v. H & S, Inc., 366 F. App'x 49, 51 (11th Cir. 2010) (citing Mitchell v. Farcass, 112 F.3d 1483, 1490 (11th Cir. 1997)).

4

To avoid dismissal for failure to state a claim upon which relief can be granted, the allegations in the complaint must "state a claim to relief that is plausible on its face." Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570 (2007). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009). That is, "[f]actual allegations must be enough to raise a right to relief above the speculative level." Twombly, 550 U.S. at 555. While Rule 8(a) of the Federal Rules of Civil Procedure does not require detailed factual allegations, "it demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation." Iqbal, 556 U.S. at 678. The complaint is insufficient if it "offers 'labels and conclusions' or 'a formulaic recitation of the elements of a cause of action,'" or if it "tenders 'naked assertions' devoid of 'further factual enhancement.'" Id. (quoting Twombly, 550 U.S. at 555, 557). In short, the complaint must provide a "'plain statement' possess[ing] enough heft to 'sho[w] that the pleader is entitled to relief.'" Twombly, 550 U.S. at 557 (quoting Fed. R. Civ. P. 8(a)(2)).

Finally, the court affords a liberal construction to a *pro se* litigant's pleadings, holding them to a more lenient standard than those drafted by an attorney. Erickson v. Pardus, 551 U.S. 89, 94 (2007); Haines v. Kerner, 404 U.S. 519, 520 (1972). However, this liberal construction does not mean that the court has a duty to re-write the complaint. Snow v. DirecTV, Inc., 450 F.3d 1314, 1320 (11th Cir. 2006).

### 2. Plaintiffs Lack Standing to Bring This Lawsuit

"A federal court has the obligation to review *sua sponte* whether it has subject matter jurisdiction under Article III's case-or-controversy requirement." Fla. Wildlife Fed'n, Inc. v. S. Fla. Water Mgmt. Dist., 647 F.3d 1296, 1302 (11th Cir. 2011) (citing Nat'l Parks Conservation Ass'n v. Norton, 324 F.3d 1229, 1242 (11th Cir. 2003). Article III of the U.S.

5

Constitution, which provides the constitutional limitation on standing, states that federal courts may only hear "cases" or "controversies." U.S. Const. art. III, § 2; see also Clapper v. Amnesty Int'l USA, 568 U.S. 398, 408 (2013) (discussing Article III standing). To establish constitutional standing under Article III, a plaintiff must show: (1) plaintiff suffered a concrete injury in fact; (2) a causal connection between the injury and the conduct complained of; and (3) that the injury can be redressed by a favorable decision. Lujan v. Defenders of Wildlife, 504 U.S. 555, 560 (1992). Regarding the first element, an injury in fact is one that is "concrete and particularized," as well as "actual or imminent, not conjectural or hypothetical." Id. (citations and quotations omitted). Next, a causal connection must be "fairly traceable to the challenged action of the defendant." Id. (quoting Simon v. E. Ky. Welfare Rts. Org., 426 U.S. 26, 41-42 (1976)). Finally, to be redressable, "it must be 'likely' as opposed to merely 'speculative,' that the injury will be 'redressed by a favorable decision.'" Id. at 561 (quoting Simon, 426 U.S. at 43).

Here, Plaintiffs fail to establish constitutional standing because they do not show injury, causation, or redressability. The twenty-page complaint barely addresses Siobhan Reaves or Jasmine Patrice, demonstrating the lack of a concrete, particularized injury for either Plaintiff. Moreover, when the complaint does allege injury specific to Plaintiffs Siobhan Reaves and Jasmine Patrice, the alleged harm suffered is too conjectural and hypothetical to be concrete because it is merely their association with the "witch hunt" against Kathy Reaves. (Doc. no. 1, p. 20.) Beyond conclusory statements alleging Plaintiffs were injured, (see, e.g., id. at 10), the complaint fails to detail how merely being associated with the circumstances surrounding the Georgia arrest warrant injured Plaintiffs. Indeed, the complaint acknowledges Siobhan Reaves and Jasmine Patrice had "nothing to do with" the background check and alleged false

6

arrest, further demonstrating a lack of injury.  (Id.)  Because the complaint fails to establish Plaintiffs suffered a concrete, particularized injury, Plaintiffs do not have constitutional standing to bring this lawsuit.  Moreover, Plaintiffs' failure to establish injury thereby precludes a finding of redressability, as redressability requires showing it is likely a favorable decision will redress a plaintiff's injuries.  Lujan, 504 U.S. at 561.

Even if Plaintiffs could establish the injury element of standing, they do not demonstrate causation because Defendants' alleged conduct is not "fairly traceable" to any alleged reputational injury suffered by Plaintiffs, as Defendants were allegedly involved in denial of Kathy Reaves' teaching certification in Henry County, Georgia.  (Id. at 12.)  Two of the named Defendants, Vickie W. Hester and David Levert Kyler, are allegedly responsible for sending the arrest warrant to Henry County School District.  (Id. at 14.)  The remaining Defendants, the Henry County Board of Education and Henry County employees Mary Elizabeth Davis, Carl Knowlton, and Michael Cody Guined, allegedly played a role in denying Kathy Reaves employment as a Henry County teacher.  (Id. at 12-13.)  The complaint fails to connect the decision not to hire Kathy Reaves for a Henry County teaching position to Plaintiffs' purported injury of association with an arrest warrant for Kathy Reaves.  Because Plaintiffs have failed to establish constitutional standing, this complaint must be dismissed for lack of subject matter jurisdiction.

To the extent Plaintiffs attempt to bring this lawsuit on behalf of Kathy Reaves, they similarly fail to show third-party or representational standing.  Generally, an individual can only assert his or her own legal rights or interests and cannot bring claims of third parties.  Kowalski v. Tesmer, 543 U.S. 125, 129 (2004).  However, in some circumstances, a party may assert the rights of others through third-party or representational standing.  See id. at 129-130

7

(third-party standing); Glob. Aero., Inc. v. Platinum Jet Mgmt., LLC, 488 F. App'x 338, 340 (11th Cir. 2012) *(per curiam)* (representational standing via agent-principal relationship); Warth v. Seldin, 422 U.S. 490, 511 (1975) (representational standing via association-member relationship). However, Plaintiffs have not alleged, much less demonstrated, they have any third-party or representational basis by which to bring these claims on behalf of Kathy Reaves. In sum, Plaintiffs do not have standing based on their own claims or claims brought on behalf of Kathy Reaves.

   **3. Venue is Improper Because the Complaint Fails to State a Claim Against the Only Two Georgia Defendants, and Transfer Rather than Dismissal is Appropriate**

The Court is acutely familiar with the events described in Plaintiffs' complaint, as this lawsuit is the sixth one concerning these events filed in this district. Plaintiffs filed this case in the Augusta Division of this District even though four of the six Defendants are located outside of the Southern District and the vast majority of events about which Plaintiffs complain occurred outside this District. Plaintiffs' complaint alleges claims against Henry County Board of Education and its employees for failing to hire Kathy Reaves due to a background check that uncovered a Richmond County arrest warrant. (Doc. no. 1, pp. 12-14.) The only Defendants with ties to this District are Defendants Kyler and Hester, who both worked as clerks for the Magistrate Court of Richmond County. (Id. at 12.) The complaint alleges Kyler improperly sent the Richmond County arrest warrant to Henry County, and Hester was Kyler's supervisor. (Id. at 12, 14.)

   This Court previously determined Kathy Reaves failed to state a claim against Defendant Kyler because he had authority to send the arrest warrant at issue. Reaves v. Hucko et al., CV 123-148, doc. no. 29, p. 13, *adopted by* doc. no. 32. As this complaint raises the same claims against Defendant Kyler, Plaintiffs fail to state a claim against him. The claims

8

against Defendant Hester fail for the same reason because she merely supervised Defendant Kyler. With the remainder of Plaintiffs' allegations related to activity and defendants located outside of the Southern District of Georgia, venue in this Court is improper. See 28 U.S.C. § 1391(b).

Given that venue is improper in this District, the Court "shall dismiss, or if it be in the interest of justice, transfer such case to any district or division in which it could have been brought." 28 U.S.C. § 1406(a); see also Pinson v. Rumsfeld, 192 F. App'x 811, 817 (11th Cir. 2006) (*per curiam*) ("[T]he decision whether to transfer a case is left to the sound discretion of the district court and is reviewable only for an abuse of discretion." (citation omitted)). Because the case is obviously frivolous and brought in bad faith by surrogates, it would not be in the interest of justice to transfer and instead recommends dismissal. See Martin v. D.C. Ct. of App., 506 U.S. 1, 3 (1992) (*per curiam*) ("Every paper filed with the Clerk of this Court, no matter how repetitious or frivolous, requires some portion of the institution's limited resources. A part of the Court's responsibility is to see that these resources are allocated in a way that promotes the interests of justice." (citation omitted)); see also Moore v. Brown, No. 3:22cv02311, 2022 WL 18108679, at *1 (N.D. Fla. Nov. 7, 2022) (citing Daker v. Ward, 999 F.3d 1300, 1305-06 (11th Cir. 2021), and collecting cases for proposition that cases involving same or substantially similar claims against many of same defendants subject to dismissal as malicious), *adopted by* 2023 WL 35215 (N.D. Fla. Jan. 4, 2023). Accordingly, Plaintiffs' complaint should be **DISMISSED**.

    **C.**    **Plaintiffs' Motion to Stay, for Habeas Corpus Relief, and to Pay Filing Fee in Installments**

On September 17, 2024, Plaintiffs filed a motion, seeking "habeas corpus to challenge jurisdiction of this Court and the jurisdiction of a school district listed herein to use such invalid

9

county warrant against Kathy." (Doc. no. 5, p. 5; see generally id.) The motion additionally asks to stay proceedings to permit Plaintiffs twenty-one days to amend their complaint under Federal Rule of Civil Procedure 15 to join additional parties. (Id. at 10-11.) Finally, the motion requests permission to pay the filing fee in installments in the event the Court denies Plaintiffs' *in forma pauperis* motions. (Id. at 11.)

Plaintiffs are not entitled to habeas corpus relief because they are not in custody or otherwise imprisoned. A writ of habeas corpus is only available to individuals who are in custody at the time they file the action. Giles v. Lasister, No. 21-0120, 2021 WL 5104544, *4 n.5 (S.D. Ala. Oct. 8, 2021) ("Because it does not appear that [Plaintiff] was in custody when he filed this action [], the writ of habeas corpus was not available to him." (citations omitted)); see also Preiser v. Rodriguez, 411 U.S. 475, 484 (1973) ("It is clear . . . from the common-law history of the writ, that the essence of habeas corpus is an attack by a person in custody upon the legality of that custody, and that the traditional function of the writ is to secure release from illegal custody."). Therefore, because they are not in custody, Plaintiffs' motion should be **DENIED** to the extent it requests habeas corpus relief. (Doc. no. 5.)

Moreover, allowing Plaintiffs leave to amend their complaint would be futile because Plaintiffs' case should be dismissed for the reasons stated above. Accordingly, Plaintiffs' motion should be **DENIED** as to the request to stay proceedings to permit amendment pursuant to Rule 15. (Id.) Finally, because Plaintiffs' request to proceed *in forma pauperis* has been granted for the purpose of dismissal by separate Order, Plaintiffs' request to pay the filing fee in installments should be **DENIED AS MOOT**. (Id.)

### III.   CONCLUSION

Because this lawsuit violates imposed filing restrictions, Plaintiffs lack standing to bring this lawsuit, and venue is inappropriate in the Southern District of Georgia and a transfer would not be in the interest of justice, the Court **REPORTS** and **RECOMMENDS** this case be **DISMISSED**.  The Court further **REPORTS** and **RECOMMENDS** Plaintiffs' "Motion to Stay Proceedings Pursuant to Rule 15 Right to Amend; Habeas Corpus; Motion to Pay Filing Fee in Installments" be **DENIED**, (doc. no. 5), and this civil action be **CLOSED**.

SO REPORTED and RECOMMENDED this 24th day of October, 2024, at Augusta, Georgia.

_____
BRIAN K. EPPS
UNITED STATES MAGISTRATE JUDGE
SOUTHERN DISTRICT OF GEORGIA